United States District Court
Southern District of Texas

**ENTERED**

March 15, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRAIG C. PETTEY, DDS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-311 |
| | § | |
| ACCREDITED SURETY AND | § | |
| CASUALTY COMPANY, INC., *AND* | § | |
| *NORTH AMERICAN RISK* | § | |
| *SERVICES*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Rule 12(B)(6) Motion to Dismiss for

Failure to State a Claim Upon Which Relief can be Granted and Supporting Brief

(Document No. 3). Having considered the motions, submissions, and applicable law,

the Court finds defendants' motion should be granted.

## I. BACKGROUND

This case arises out of an insurance dispute. Plaintiff Craig C. Pettey, DDS,

Inc. ("Pettey") owns the property located at 10551 Mills Road, Houston, Texas

77070 ("the Property"). Pettey purchased an insurance policy that covered the

Property (the "Policy") from Defendant Accredited Surety and Casualty Company

Inc. ("Accredited"). On September 2, 2021, the sewer lines of the Property were

damaged, requiring multiple repairs. On November 17, 2021, Petty timely reported

the damages to Defendant North American Risk Services ("NARS") on behalf of Accredited, under the terms of the Policy. NARS made multiple payments to Pettey for the damages related to the sewage line. On September 14, 2022, NARS issued a payment to Pettey in the amount of $8,528.07, the amount NARS determined was the remaining limits of the $15,000.00 of coverage available to Pettey's claimed losses. Pettey contends it incurred additional losses that should be covered by NARS and Accredited (collectively, the "Defendants").

Based on the forgoing on December 28, 2023, Pettey filed suit in the Harris County District Court for the 55th Judicial District asserting claims for (1) refusing to pay its insured's claim without conducting a reasonable investigation with respect to the claim in violation of Texas Insurance Code § 541.060(a)(7); (2) misrepresenting one or more material facts or policy provisions relating to coverage in violation of Texas Insurance Code § 541.060(a)(1); (3) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim in violation of Texas Insurance Code § 541.060(a)(2); (4) failing to affirm or deny coverage within a reasonable time in violation of Texas Insurance Code § 541.060(a)(4)(A); (5) failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims in violation of Texas Insurance Code § 541.060(a)(3); (6) failing to timely acknowledge Pettey's claim in violation of Texas Insurance Code § 542.055; (7) failing to timely accept or deny Pettey's claims in writing in

violation of Texas Insurance Code § 542.056: (8) Failing to promptly pay in violation of Texas Insurance Code § 542.058; and (9) breach of the duty of good faith and fair dealings. On January 26, 2024, the Defendants removed the case to this Court, asserting diversity jurisdiction. On February 1, 2024, the Defendants moved to dismiss the case. On February 20, 2024, the Court granted Pettey's unopposed motion until March 1, 2024, to respond to the motion to Dismiss. Pettey ultimately failed to respond to the motion to dismiss. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir.

3

2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

The Defendants contend that dismissal is proper because (1) NARS cannot be liable because it is not the insurer; and (2) Pettey has failed to allege a plausible claim for relief against either party. Pettey did not respond or offer any counterarguments to the Defendants' contentions.

### A. *Claims against NARS*

NARS contends that it was not a party to the Policy or the insurer and, as such, cannot be liable to Pettey. Pettey did not respond to NARS's motion to dismiss.

"Insurance policies are contracts." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018). Therefore, a federal court sitting in diversity in Texas applies Texas law in interpreting insurance policies. *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011). Courts have held that that breach of contract is a cause of action

4

available only to parties to the contract. *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 872 (5th Cir. 1991)[1]; see also *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (stating the general rule that "the benefits and burdens of a contract belong solely to the contracting parties" and no person can sue on the contract in the absence of privity); *Natividad v. Alexis, Inc.*, 875 S.W.2d 695, 697-98 (Tex. 1994) (explaining that the duty of good faith arises only because of the insurance contract and that claims adjusting firm and adjuster owed no duty of good faith to the insured because they were not parties to the insurance contract).

Here, NARS was not a party to the Policy, which was entered into between Pettey and Accredited.[2] The fact that NARS is not the insurer under the Policy and is not a party to the insurance contract means that Pettey has no right to recover Policy benefits from NARS. The requisite contractual privity between NARS and Pettey is lacking for recovery of Policy benefits. All of Pettey's causes of action arise from the Texas Insurance Code and directly flow from Policy benefits Pettey contends he is entitled to. Pettey did not respond or offer any counterargument or evidence to negate NARS' contentions. Accordingly, the Court finds that NARS was

---

[1] The Court notes that while Pettey does not explicitly raise a claim for breach of contract. He does raise various causes of action all arising from the Policy and the Defendants' handling of his claim. As discussed above the Policy is a contract and treated as such under the law.

[2] *Defendants' Rule 12(B)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted and Supporting Brief*, Document No. 3 at 8.

not the insurer or a party to the Policy. Therefore, Pettey's claims arising from the policy should be dismissed. The Court now turns to Accredited.

## B.   *Claims Against Accredited*

Accredited contend, and NARS adopts, that Pettey has failed to allege a plausible claim against either Defendant.[3] Accredited contends that Pettey merely asserts conclusory allegations without factual basis or evidence. Pettey did not respond to the Defendants' motion to dismiss.

The Supreme Court has emphasized, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Anderson v. United States HUD,* 554 F.3d 525, 528 (5th Cir. 2008) (explaining that a "complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws."). Additionally, claims of fraud and misrepresentation require pleading with more particular facts. *See Martin Res. Mgmt. Corp. v. Fed. Ins. Co.*, No. 20-40571, 2021 WL 4269565, at *5 (5th Cir. Sept. 20, 2021); (affirming dismissal of Texas Insurance Code misrepresentation

---

[3] The Court notes that while NARS joins in Accredited's argument, however, the Court has already found that Pettey's claims against NARS should be dismissed because NARS was not a party to the Policy.

6

claims that were conclusory and devoid of the "who, what, when, where, and how" requirements of rule 9(b)).

Here, the file supports that Accredited did pay up to the policy limit for the damage.[4] While unsatisfied with the amount paid, Pettey provides no facts or evidence to support the various insurance code claims and breach of good faith and fair dealing. Pettey never alleges what specific amounts are still owed under the Policy, what specific misrepresentations were made by whom and when, or what specific conduct constituted bad faith, "knowing" statutory violations, or gross negligence. Instead, Pettey makes conclusory accusations with no particular facts, such as that Accredited misled them and violated multiple Texas Insurance Codes by not paying Pettey over the Policy limit. Additionally, even after being granted a continuance, Pettey failed to respond to the Defendant's motion to dismiss or offer any argument against dismissal. Accordingly, the Court finds Pettey failed to adequately plead his claims for violations of the Texas Insurance Code or for breach of the duty of good faith and fair dealings. Therefore, Pettey's claims should be dismissed.

---

[4] *Defendants' Rule 12(B)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted and Supporting Brief*, Document No. 3 at 2.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** Defendants' Rule 12(B)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted and Supporting Brief (Document No. 3) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against Defendant Accredited Surety and Casualty Company, Inc. and Defendant North American Risk Services are **DISMISSED**.

SIGNED at Houston, Texas, on this **14** day of March, 2024.

DAVID HITTNER
United States District Judge